UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON ANDREW CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>WARREN COUNTY PRISON, et al.,<br><br>    Defendants. | Civil Action No. 15-6174 (FLW)<br><br><br>OPINION |

### I.   INTRODUCTION

Plaintiff Ramon Andrew Clark, a prisoner currently confined at FCI Frackville, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983 and state law arising from his arrest and imprisonment in Warren County, New Jersey on February 14, 2012.  The Court previously denied his IFP application without prejudice.  Plaintiff resubmitted his IFP application, and the Court will now grant his application to proceed *in forma pauperis*.

At this time, the Court must also review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons explained in this Opinion, the Court will dismiss Complaint in its entirety and provide Plaintiff with 45 days within which to submit an amended complaint with respect to those claims that the Court has dismissed without prejudice.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint appears to allege claims for false arrest and/or false imprisonment and malicious prosecution under 42 U.S.C. § 1983, as well as for libel, slander, and "false claims" under state law. He has sued the Warren County Prison, certain unidentified Warren County court officials, Donald Cox, who is identified in the Complaint as the Assistant District Attorney of Warren County, and the Phillipsburg Police Department. He provides the following facts in support of his claims for relief:

> On February 14, 2012, I was arrested and charged by the Phillipsburg, NJ Police department on the following offenses (Robbery 1st degree) (Burglary with a weapon 2nd degree) (Employing a juvenile in the commission of a crime 1st degree) (Possession of a firearm for unlawful purpose 2nd degree) (unlawful possession of a handgun 3rd degree) (Person not to have weapons 2nd degree) (conspiracy to commit robbery 2nd degree). On October 30, 2013, I was acquitted on all charges by a jury of my peers in Warren County Superior Court in Belvidere, NJ. I was imprisoned for 20 months in Warren County Prison until I was release [sic] due to the result of my acquitted [sic] of my trial.

(ECF No. 1. Compl. at 5.) In addition to the 20 months he spent in jail, Plaintiff also alleges that he lost his job and his mother-in-law, and he seeks monetary compensation for his injuries. (*Id.*)

Plaintiff's Complaint was signed by Plaintiff on August 11, 2015, and it was docketed on August 13, 2015.

## III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). As noted above, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §

2

1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). "Liberal construction does not, however, require the Court to

3

credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.  *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV.  ANALYSIS

The Court first considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Whitaker v. New Jersey State Prison*, No. CV 15-6744 (FLW), 2016 WL 781897, at *2 (D.N.J. Feb. 29, 2016).

### a. Claims Against Entities that are not Amenable to Suit under § 1983

From the outset, the Court will dismiss with prejudice the § 1983 claims against the Warren County Prison and the Phillipsburg Police Department, as these entities are not amenable to suit under 42 U.S.C. § 1983.  It is well established that county and/or local jails are not "persons" subject to suit under § 1983.  *See Thomas v. Wilbert,* No. CIV.A. 09-4796 GEB, 2011 WL 91001, at *6 (D.N.J. Jan. 11, 2011) (explaining same and collecting cases).  The Court will therefore dismiss with prejudice the § 1983 claims against the Warren County Prison.

Furthermore, in New Jersey, a municipal police department is not an entity separate from the municipality.  *See* N.J. Stat. Ann. § 40A: 14-118 (municipal police department is "an executive and enforcement function of municipal government").  As such, Phillipsburg Police Department is not a proper defendant in this action.  *See Padilla v. Twp. of Cherry Hill*, 110 F. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); *Aycox v. City of Elizabeth*, 2009 U.S. Dist. LEXIS 111345, at *7 (D.N.J. Dec. 1, 2009) ("Because the Police Department is merely an arm of the Township, Plaintiff's claim against the department cannot stand."); *Godley v. Newark Police Dep't*, 2007 U.S. Dist. LEXIS 5718, at *8 (D.N.J. Jan. 26, 2007) (same).  Here, Plaintiff has not sued the municipality under a *Monell* theory of liability and cannot maintain separate § 1983 claims against the Phillipsburg Police Department; as such, the Court will dismiss with prejudice the § 1983 claims against this Defendant. [1]

### b. Claims for False Arrest/False Imprisonment and Malicious Prosecutions Claims Against Defendant Cox and Unidentified Court Officials

The Court will also dismiss the false arrest and false imprisonment claims against the Defendant Cox and the unidentified court officials because Plaintiff has failed to plead facts to show that these Defendants arrested him without probable cause.  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and

---

[1] In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a local governmental entity may be sued under 42 U.S.C. § 1983. Although a local government may not be held liable based strictly on a theory of *respondeat superior*, it may be held liable where an official governmental "policy or custom" causes the claimed injury. *Id.* at 690–94.  Here, Plaintiff has not provided facts to suggest that the incident at issue occurred as a result of a municipal policy or custom.

(2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual [to believe] that an offense had been committed." *Williams v. Northfield Police Dep't*, No. CIV.A. 09-6192 (NLH), 2010 WL 2802229, at *4 (D.N.J. July 14, 2010) (citing *Lind v. Schmid*, 67 N.J. 255, 262 (1975)). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir.1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)); *Sharrar v. Felsing*, 128 F.3d 810, 817 (3d Cir. 1997). Notably, "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which [she] is arrested is irrelevant to the validity of the arrest." *Williams*, 2010 WL 2802229, at *4 (alteration in the original) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Here, Plaintiff's Complaint merely provides the date of his arrest, the underlying charges against him, and the date of his acquittal. He provides no facts to suggest that Defendant Cox or the unidentified court official Defendants arrested him without probable cause or were even involved in his arrest.[2] Although Plaintiff states that he was ultimately acquitted of the charges by a jury or his peers, this fact does not shed any light on the question of whether he was arrested

---

[2] "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988)).

without probable cause.  For this reason, the Court will dismiss the false arrest/false imprisonment claims without prejudice at this time.

The Court also notes that Plaintiff's claims related to his false arrest and imprisonment may be time barred.  The state statute of limitations for personal injury actions applies to all § 1983 claims.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).  In New Jersey, the applicable statute of limitations period is two years.  *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989); *see* N.J.S.A. 2A:14-2 (New Jersey statute of limitations of 2 years for "actions for injury to persons by wrongful action,").

Although the statute of limitations period is borrowed from the law of the forum state, federal law governs the accrual of such an action.  *Wiltz v. Middlesex County Office of Prosecutor*, 2006 WL 1966654, at *4 (D.N.J. Jul. 12, 2006) (citations omitted).  The Supreme Court has determined that for claims of unlawful arrest, the "statute begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010).  Thus, although a claim of false arrest, and the accompanying claim for false imprisonment, begins to accrue immediately upon the arrest at issue, *see Wallace*, 549 U.S. at 389–90 & n. 3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"), the statute of limitations does not begin to run at the same time.  Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *See Alexander v. Fletcher*, 367 F. App'x 289, 290 n. 2 (3d Cir. 2010) (citing *Wallace*, 549 U.S. at 389-90).  Here, Plaintiff's § 1983 claims arising from alleged false arrest and false imprisonment on February 14, 2012 are time barred if he was

arraigned on the relevant charges more than two years before he brought the instant Complaint, which is dated August 11, 2015.

It is not clear from the Complaint whether Plaintiff is also attempting to state a claim for malicious prosecution, and he does not specifically raise this claim in his Complaint. Unlike false arrest and false imprisonment, the statute of limitations for a malicious prosecution claim under Section 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir. 2009); *see also Ginter v. Skahill*, 298 F. App'x. 161, 163 (3d Cir. 2008) ("When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest. Claims alleging malicious prosecution do not accrue until charges are dismissed.")(citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)) (internal quotations omitted). A claim for malicious prosecution in violation of the Fourth Amendment has the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Here, the statute of limitations accrued on Plaintiff's malicious prosecution claim when he was acquitted on October 30, 2013, and, thus, would be timely. The claim is nevertheless subject to dismissal under 28 U.S.C. §§ 1915(e)(2) for failure to plead the required elements. Although Plaintiff appears to allege that the criminal proceeding at issue ended in his favor with

8

an acquittal and that he remained in jail until he was acquitted, he provides no facts to suggest that the criminal proceeding against him was initiated by Defendant Cox or the unidentified court official Defendants without probable cause or that these Defendants acted maliciously and/or for a purpose other than bringing the Plaintiff to justice. As such, to the extent Plaintiff attempts to raise a claim for malicious prosecution under § 1983, that claim is dismissed without prejudice at this time.[3]

      c.      **State Law Claims**

Plaintiff also fails to state claims for relief for libel and/or slander under state law.[4] The Supreme Court of New Jersey has described the distinction between libel and slander as follows:

> "[A] statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." *Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 164–65, 735 A.2d 1129 (1999) (citing Restatement (Second) of Torts §§ 558, 559 (4th ed. 1977)). A defamatory statement may consist of libel or slander. *Dairy Stores, Inc. v. Sentinel Publ'g Co.*, 104 N.J. 125, 133, 516 A.2d 220 (1986) (citing Prosser and Keeton on Torts § 111 at 771 (5th ed. 1984)); Rodney A. Smolla, Law of Defamation § 1:10 (2d ed. 2008). As a general proposition, "[t]he short and simple distinction between the terms is that libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while

---

[3] The Court also notes that Defendant Cox, who is identified in the Complaint as an Assistant District Attorney, would be entitled to prosecutorial immunity under § 1983 for any actions taken in initiating and pursuing a criminal prosecution against Plaintiff. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410, 430-31 (1976) ("[I]n initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under [§ ] 1983" and actions relating to the initiation and prosecution of a criminal matter); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (*per curiam*); *Clark v. Capaldi-Corsi*, Civ. No. 14-2142 RBK, 2015 WL 1541919, at *4 (D.N.J. Mar. 31, 2015).

[4] It is not clear whether the state law claim for "false claims" is distinct from the claims for libel and slander, and the Court is not able to discern the basis for this additional claim from the facts alleged in the Complaint. To the extent Plaintiff wishes to clarify this claim, he may do so by way of an Amended Complaint.

9

> slander consists of the communication of a defamatory statement
> by spoken words, or by transitory gestures." Smolla, supra, § 1:11
> (footnotes omitted).

*W.J.A. v. D.A.*, 210 N.J. 229, 238 (2012). Here Plaintiff has not provided any facts to suggest that any of the Defendants made false statements about Plaintiff; as such, the Court will dismiss these claims without prejudice. The Court also notes that it is not clear from the Complaint when the allegedly slanderous or libelous statements were made; however to the extent that these statements were made more than a year before Plaintiff filed his Complaint, they are time barred. *See NuWave Inv. Corp. v. Hyman Beck & Co.*, 432 N.J. Super. 539, 548, 75 A.3d 1241, 1246 (App. Div. 2013), *aff'd*, 221 N.J. 495, 114 A.3d 738 (2015) (citing N.J.S.A. 2A:14–3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander.")).

## V.     CONCLUSION

For the reasons stated in this Opinion, the Court will grant Plaintiff's IFP application and dismiss the Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Court will dismiss with prejudice the § 1983 claims against the Warren County Prison and the Phillipsburg Police Department, as these entities are not amenable to suit under 42 U.S.C. § 1983. The § 1983 claims for false arrest, false imprisonment, and malicious prosecution are dismissed without prejudice as to Defendant Cox and the unidentified court officials. Plaintiff's state law claims for libel and slander are also dismissed without prejudice as to all Defendants. Plaintiff is granted leave to submit an Amended Complaint within 45 days with respect to the claims that the Court has dismissed without prejudice. An appropriate Order follows.

DATED: October 6, 2016                                              /s/ Freda L. Wolfson
                                                                                      Freda L. Wolfson
                                                                                      United States District Judge