**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMON ANDREW CLARK, <br><br> Plaintiff, <br> v. <br><br> DONALD COX, et al., <br><br> Defendants. | Civ. No. 15-6174 (FLW) (DEA) <br><br><br> OPINION |

I. **INTRODUCTION**

Before the Court is the proposed Amended Complaint of Plaintiff, Ramon Andrew Clark. (ECF Nos. 12-14). Plaintiff has previously been granted *in forma pauperis* status in this matter. This Court is required to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, this Court must dismiss Plaintiff's claims if they are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune. For the reasons explained below, this Court will dismiss Plaintiff's Amended Complaint in its entirety, for failure to state a claim, and grant Plaintiff 30 days to submit a final amended complaint.

II. **FACTUAL BACKGROUND**

Plaintiff filed his initial complaint in this matter in August 2015, attempting to raise claims for false arrest, false imprisonment, malicious prosecution, libel, slander and "false claims." (ECF No. 1). Following a grant of *in forma pauperis* status, this Court screened Plaintiff's Complaint and dismissed it in its entirety, as Plaintiff's federal and state law claims failed to state a claim upon which relief could be granted. (ECF Nos. 9-10). This Court then granted Plaintiff 45 days within which to file an amended complaint. (ECF No. 22). On

1

December 8, 2016 and December 9, 2016, the Clerk's Office received certain pages from Plaintiff's Amended Complaint. On December 23, 2016, after a complete Second Amended Complaint was received, the Clerk's Office docketed it. (*See* ECF Nos. 12-14). Because courts are required to liberally construe pleadings drafted by *pro se* parties, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)), this Court will construe the allegations of Plaintiff's two filings together. However, Plaintiff is cautioned that in the future he must submit one all-inclusive pleading.

As in his original Complaint, the Plaintiff provides scant facts in his Amended Complaint.[1] He provides his date of arrest on February 14, 2012, the charges brought against him, and the date of his acquittal on October 30, 2013. (ECF No. 14 at 6-7). He states that he remained in prison during this entire period. *Id.* Plaintiff also states that he is bringing claims for "false claims – false imprisonment, harassment, defamation of character because with no evidence, no photo line-up[,] no fingerprints, no weapons, and deined[sic] moitions[sic] my lawyer put in for suppress evidence and dismisses[sic]." (ECF No. 13 at 1). Plaintiff provides no other facts in support of his claims. Plaintiff requests monetary damages as relief.

### III. <u>STANDARD OF REVIEW</u>

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time

---

[1] In his first filing, Plaintiff asserts claims for "False Claims," false imprisonment, harassment, and defamation. In his second filing, Plaintiff states "I fill out this paper for my complaint. It's the same Civil Action No. 15-6174 . . . . I was told I can't sue for false arrest or imprisonment, so I'm filing under the same case [number] but under harassment, [d]efamation of character." (ECF No. 14, at 1.)

frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245.

## IV. ANALYSIS

Title 42, section 1983 of the United States Code provides a cause of action for the violation of constitutional rights by a person acting under color of state law. 42 U.S.C. § 1983. To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been

3

deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, the Court construes the Complaint as raising § 1983 claims for false imprisonment against the Philipsburg Police Department and Defendant Cox, and for malicious prosecution against Defendant Cox. The Court also construes the Complaint as raising state law claims for harassment and defamation against Defendant Cox. The Court will first address the federal claims.

### a. Claims Against Defendants Not Amenable to Suit under § 1983

The Court has previously dismissed with prejudice Plaintiff's § 1983 claims against the Phillipsburg Police Department because "a municipal police department is not an entity separate from the municipality" and noted that the Plaintiff did not "sue the municipality under a *Monell* theory of liability." (ECF No. 9 at 5). Plaintiff's Amended Complaint does not provide any facts to suggest that the municipality is liable under *Monell*. Therefore, this Court will again dismiss with prejudice the § 1983 claim against the Philipsburg Police Department.

### b. Claims for False Imprisonment and Malicious Prosecution against Defendant Cox

As in the original Complaint, this Court will dismiss Plaintiff's false arrest/false imprisonment claim against Defendant Cox because he has again failed to plead facts sufficient to show that he was arrested without probable cause or falsely imprisoned by this Defendant. "[A] claim for false imprisonment is derivative of a false arrest claim, and a plaintiff states a false imprisonment claim where he alleges facts indicating that he was arrested without probable cause and was subsequently detained pursuant to that improper arrest." *Dotts v. Coleman*, No. CV 17-0429-BRM-LHG, 2017 WL 2265787, at *2 (D.N.J. May 23, 2017). *See also Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (explaining that "an arrest based on probable cause could not become the source of a claim for false imprisonment"). Section 1983

claims alleging false imprisonment are premised upon an individual's wrongful detention <u>without legal process</u>. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). Section 1983 claims for false imprisonment accrue when the false imprisonment ends. *Id.* This occurs when one is released, or when one becomes held pursuant to legal process (e.g., following a formal arraignment). *Id.* The Supreme Court explicitly distinguished false imprisonment from the distinct tort of malicious prosecution, which results from wrongful detention pursuant to legal process, *id.* at 389–90, which does not accrue until the underlying criminal proceedings terminate in a plaintiff's favor. *Id.* at 392; *see also Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 331 (E.D. Pa. 2017) (explaining same).

As explained in this Court's prior Opinion, the facts alleged by Plaintiff do not indicate that he was arrested without probable cause, *see* (ECF. No. 9 at 6-7), nor that Defendant Cox was, in any way, involved with his arrest or detention prior to arraignment. *See Iqbal*, 556 U.S. at 676 (explaining that a Plaintiff must be able to demonstrate that a "Government-official defendant, through the official's own individual actions, has violated the Constitution"). Nor has Plaintiff provided any facts to suggest that his detention prior to his arraignment was otherwise unlawful. Finally, because he was arrested February 14, 2012, Plaintiff's claims for false arrest/imprisonment appear time barred under the two-year statute of limitations applicable to § 1983 actions, as detailed extensively in this Court's previous Opinion. (ECF. No. 9 at 7). In his Amended Complaint, Plaintiff has provided no facts in support of equitable tolling. As such, the Court will dismiss the false arrest/false imprisonment claims with prejudice at this time.

It is possible that Plaintiff is attempting to argue that because he was acquitted of all charges, he therefore must have been "falsely imprisoned"; because a § 1983 claim for false imprisonment covers only the period between arrest and arraignment, this claim is more

appropriately described as one for malicious prosecution. The fact that Plaintiff was ultimately acquitted of the relevant charges, standing alone, does not state a cause of action for malicious prosecution. Instead, to prevail on a claim for malicious prosecution, a Plaintiff must be able to demonstrate the following: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003)). Plaintiff states that he is bringing the instant action because there was "no evidence, no photo line-up[,] no fingerprints, [and] no weapons" and because his motion to suppress was denied by the Court. (ECF No. 13, at 1). Although Plaintiff vaguely alludes to a lack of evidence in his underlying criminal proceeding, he has not provided sufficient factual allegations to suggest that Defendant Cox acted without probable cause in instituting the criminal proceeding against him, or that Defendant Cox acted maliciously or for a purpose other than bringing Plaintiff to justice. For these reasons, the Court will dismiss Plaintiff's malicious prosecution claim without prejudice at this time.

### c. State Law Claims

Plaintiff appears to assert that he would like to proceed on his state law claims, *i.e.*, harassment and defamation. (ECF No. 14 at 1). New Jersey State law does not appear to recognize a civil cause of action for harassment which gives rise to damages. *See Rooney v. Carlomagno*, No. A-1049-08T1, 2010 WL 199397, at *2 (N.J. Super. Ct. App. Div. Jan. 22, 2010) (stating "[w]e have specifically declined the opportunity to

consider whether an act of harassment under N.J.S.A. 2C:33-4 [New Jersey's criminal harassment statute] creates a civil cause of action for damages" and noting that courts "should normally defer to the Supreme Court ... with respect to the creation of a new cause of action.") *See also, Aly v. Garcia*, 333 N.J. Super. 195, 203 (N.J. App. Div. 2000); *Todd v. Citibank*, No. CV 16-5204-BRM-DEA, 2017 WL 1502796, at *5 (D.N.J. Apr. 26, 2017) (concluding Plaintiff could not proceed on private action for harassment "in light of the New Jersey courts' and State Legislature's reluctance to create a private cause of action under N.J.S.A. 2C:33-4"). Moreover, a Plaintiff who merely pleads "labels or conclusions" has not provided sufficient factual material to establish a violation. *Iqbal*, 556 U.S. at 678. Because Plaintiff requests monetary damages for relief, and New Jersey does not recognize a civil cause of action for harassment in such circumstances, his claim is dismissed with prejudice.

Plaintiff also fails on his claim for defamation. The Supreme Court of New Jersey has explained that "in addition to damages, the elements of a defamation claim are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *DeAngelis v. Hill*, 180 N.J. 1, 12–13 (2004), (citing *Restatement (Second) of Torts, supra,* § 558)).

Indeed, Plaintiff has not provided a single fact to meet this standard. There is no indication that Defendant Cox made any false statement about the Plaintiff, nor that those statements were published negligently. The fact that Plaintiff was tried by Defendant Cox and ultimately acquitted, does not indicate that he was defamed. Moreover, as discussed in the original Opinion, to the extent any statements were made, those

statements would be time barred as having taken place more than a year before the original Complaint was filed. *See* (ECF No. 9 at 10). For these reasons, the Court will dismiss the state law claim for defamation without prejudice.

### d. Granting Leave to Amend

This Court will grant Plaintiff a final opportunity to amend his complaint to assert a § 1983 claim for malicious prosecution against Defendant Cox because it is conceivable that Plaintiff may be able to assert additional facts to state a federal claim for relief against this Defendant, as well as relief with respect to his state law claim for defamation.[2] "We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

### V. CONCLUSION

For the foregoing reasons, this Court dismisses Plaintiff's Complaint (ECF No. 12-14) at screening pursuant to § 1915(e)(2)(B). The Court dismisses with prejudice the § 1983 claims against the Philipsburg Police Department and the state law claim for harassment. The Court dismisses with prejudice Plaintiff's false arrest/false imprisonment claims as to Defendant Cox. Plaintiff is granted leave to submit an Amended Complaint within 30 days with respect to his claims for malicious prosecution and related state law claims against Defendant Cox. An appropriate Order follows.

---

[2] If Plaintiff chooses to file a Third Amended Complaint, he may reassert his state law claim for defamation and any additional facts in support of this claim and any basis for the Court's jurisdiction over this claims.

Dated: January 2, 2018

<u>/s/ Freda L. Wolfson</u>
Freda L. Wolfson
United States District Court